UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

In re                                                        :          Chapter 11
                                                             :
K-V Discovery Solutions, Inc., et al.,[1]                    :          Case No. 12-13346 (ALG)
                                                             :
                            Debtors.                         :          (Jointly Administered)

------------------------------------------------------x

### ORDER EXPANDING SCOPE
### OF EMPLOYMENT OF ERNST & YOUNG LLP PURSUANT TO
### SECTIONS 327(a), 328(a) AND 1107(b) OF THE BANKRUPTCY CODE

Upon the supplemental application (the "**Supplemental Application**") of the

debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") for

entry of an order, pursuant to sections 327(a), 328(a) and 1107(b) of title 11 of the United States

Code (the "**Bankruptcy Code**"), as supplemented by Rule 2014 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 of the Local Bankruptcy

Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), authorizing an

expansion of the scope of employment of Ernst & Young LLP ("**EY LLP**"); and upon the

Supplemental Declaration of Stanley Deptula in Support of Debtors' Supplemental Application

for Order Expanding Scope of Employment of Ernst & Young LLP Pursuant to Sections 327(a),

328(a) and 1107(b) of the Bankruptcy Code (the "**Supplemental Declaration**"); and due and

adequate notice of the Supplemental Application having been given; and it appearing that no

other or further notice need be provided; and the Court being satisfied that based on the

Supplemental Declaration, EY LLP continues to be a "disinterested person" as that term is

defined in section 101(14) of the Bankruptcy Code and otherwise meets the standards for

---

[1]   The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) K-V
      Discovery Solutions, Inc. (7982); (ii) DrugTech Corporation (3690); (iii) FP1096, Inc. (3119); (iv) K-V Generic
      Pharmaceuticals, Inc. (7844); (v) K-V Pharmaceutical Company (8919); (vi) K-V Solutions USA, Inc. (4772);
      (vii) Ther-Rx Corporation (3624); and (viii) Zeratech Technologies USA, Inc. (6911).  The Debtors' executive
      headquarters are located at 2280 Schuetz Road, St. Louis, MO 63146.

retention under the Bankruptcy Code and applicable rules; and it appearing that the relief

requested by the Supplemental Application is in the best interests of these estates, their creditors,

and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it

is hereby

## ORDERED, ADJUDGED, AND DECREED that:

1.      The Supplemental Application is granted.

2.      Capitalized terms not otherwise defined herein shall have the meanings

ascribed to such terms in the Supplemental Application.

3.      Pursuant to sections 327(a), 328 and 1107(b) of the Bankruptcy Code, the

Debtors are authorized to employ and retain EY LLP in these chapter 11 cases to perform the

Governmental Pricing and Reporting Services pursuant to the terms of the Supplemental

Retention Documents as modified by this Order (or as such documents may be modified by

consent of the parties thereto in accordance with the terms thereof).

4.      To the extent that EY LLP and the Debtors seek to enter into any

Additional SOW, the Debtors shall file such Additional SOW with the Bankruptcy Court and

provide notice of Ther-Rx's proposed entry into such Additional SOW to all parties who

received notice of the Supplemental Application.  To the extent that no objections to the Debtors'

entry into the Additional SOW are filed with the Court and served on the Debtors within seven

(7) calendar days after the Debtors file and serve such Additional SOW in accordance with this

paragraph:  (a) the Debtors shall be authorized to enter into the Additional SOW (which shall be

deemed approved by the Court); and (b) EY LLP's employment shall continue as authorized

pursuant to this Order.  The Debtors may, but are not required to, submit an order, on notice of

presentment, approving any such Additional SOW in accordance with the foregoing process.

5.      EY LLP shall be compensated for the Governmental Pricing and Reporting Services in accordance with the terms of the Supplemental Retention Documents, the Bankruptcy Code, applicable Bankruptcy Rules, applicable Local Bankruptcy Rules, the *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals* [Docket No. 228], the "Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases," dated November 25, 2009, and such other procedures as may be fixed by this Court from time to time.

6.      Notwithstanding the foregoing, **in view of the specialized nature of the work and billing arrangements,** EY LLP's compensation for the Governmental Pricing and Reporting Services shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code; provided, however, that the Office of the United States Trustee for the Southern District of New York shall retain the right to object to the EY LLP's compensation for the Governmental Pricing and Reporting Services based on the reasonableness standard under Bankruptcy Code section 330; provided, further, that nothing herein or in the Supplemental Retention Documents shall alter in any way the standard of review applicable to EY LLP's compensation pursuant to the terms of the Original Order for services rendered by EY LLP pursuant to the Original Engagement Letter.

7.      EY LLP shall only be required to maintain time records in summary format, which shall include time spent by its professionals in connection with the rendering of services to the Debtors by category and shall provide the daily hours expended by each professional in one-half hour increments.

8.    EY LLP is entitled to indemnification pursuant to the Supplemental

Retention Documents; provided, that, notwithstanding anything to the contrary in the

Supplemental Retention Documents, the indemnification provisions are hereby modified as

follows:

(a)    All requests of Indemnified Persons for payment of indemnity pursuant to the Supplemental Retention Documents shall be made by means of an application (interim or final, as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Supplemental Retention Documents and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall an Indemnified Person be indemnified to the extent that any claim arose or expense has resulted from any such losses finally judicially determined by a court of competent jurisdiction to have primarily resulted from the bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct of such party.

(b)    In no event shall an Indemnified Person be indemnified if the Debtors or a representative of their estates asserts a claim for, and a court determines by final order that such claim primarily arose out of, such person's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

(c)    In the event that an Indemnified Person seeks reimbursement for attorneys' fees from the Debtors pursuant to the Supplemental Retention Documents, the invoices and supporting time records from such attorneys shall be included in EY LLP's own applications (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of this Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

9.    To the extent there is any inconsistency between the Supplemental

Retention Documents, the Supplemental Application, or the Supplemental Declaration, on the

one hand, and this Order, on the other hand, the terms of this Order shall control.

10.     For the avoidance of doubt, the Debtors' retention of EY LLP from and after the effective date of any confirmed chapter 11 plan in the Debtors' cases shall not be subject to the terms of this Order.

11.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated:  New York, New York
      March 19, 2013

**<u>s/Allan L. Gropper</u>**
THE HONORABLE ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE