Matthew A. Feldman
Paul V. Shalhoub
Robin Spigel
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Counsel for the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| --------------------------------------------------------x | | |
| In re | : | Chapter 11 |
| | : | |
| K-V Discovery Solutions, Inc., et al.,[1] | : | Case No. 12-13346 (ALG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| --------------------------------------------------------x | | |

## NOTICE OF DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY RULE 9019 APPROVING AND AUTHORIZING SETTLEMENT WITH STATE OF FLORIDA AND VEN-A-CARE OF THE FLORIDA KEYS, INC.

PLEASE TAKE NOTICE that a hearing (the "**Hearing**") will be held before the

Honorable Allan L. Gropper of the United States Bankruptcy Court for the Southern District of

New York, on September 11, 2013 at 11:00 a.m. (prevailing Eastern time), or as soon thereafter

as counsel may be heard, in Courtroom 617, United States Bankruptcy Court for the Southern

District of New York, One Bowling Green, New York, New York 10004, to consider the

annexed motion (the "**Motion**") of the above-captioned debtors and debtors in possession

(collectively, the "**Debtors**"), for an order approving and authorizing, pursuant to Rule 9019 of

---

[1]     The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) K-V Discovery Solutions, Inc. (7982); (ii) DrugTech Corporation (3690); (iii) FP1096, Inc. (3119); (iv) K-V Generic Pharmaceuticals, Inc. (7844); (v) K-V Pharmaceutical Company (8919); (vi) K-V Solutions USA, Inc. (4772); (vii) Ther-Rx Corporation (3624); and (viii) Zeratech Technologies USA, Inc. (6911).  The Debtors' executive headquarters are located at 16640 Chesterfield Grove Road, Suite 200, Chesterfield, MO 63005.

the Federal Rules of Bankruptcy Procedure, the Debtors to enter into a settlement agreement

with the State of Florida and Ven-a-Care of the Florida Keys, Inc.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion must:

(i) be made in writing; (ii) state with particularity the grounds therefor; (iii) be filed with the

Bankruptcy Court (with a copy to the Judge's chambers); and (iv) be served upon:  (a) counsel to

the Debtors, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019 (Attn:

Robin Spigel, Esq. and Andrew D. Sorkin, Esq.); (b) the U.S. Trustee for the Southern District of

New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Richard Morrissey, Esq.

and Michael Driscoll, Esq.); (c) counsel to the Creditors Committee, Stroock & Stroock &

Lavan, LLP, 180 Maiden Lane, New York, NY 10038 (Attn: Erez Gilad, Esq.); and (d) counsel

to the agent and lenders under the Debtors' debtor-in-possession financing facility, Weil, Gotshal

& Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Lori R. Fife, Esq. and Robert J.

Lemons, Esq.) so as to be received no later than **4:00 p.m. (prevailing Eastern time) on**

**September 4, 2013** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no responses or objections are

received by the Objection Deadline, the relief may be granted as requested in the Motion without

further notice or a hearing.

PLEASE TAKE FURTHER NOTICE that you need not appear at the Hearing if

you do not object to the relief requested in the Motion.

PLEASE TAKE FURTHER NOTICE that the Hearing may be continued or

adjourned from time to time without further notice other than an announcement of the adjourned

date or dates at the Hearing or at a later hearing.

Dated:  New York, New York
        August 13, 2013

WILLKIE FARR & GALLAGHER LLP
*Counsel for the Debtors and Debtors in
Possession*


By:  /s/ Paul V. Shalhoub
        Matthew A. Feldman
        Paul V. Shalhoub
        Robin Spigel

787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

Matthew A. Feldman
Paul V. Shalhoub
Robin Spigel
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                          :          Chapter 11
                                               :
K-V Discovery Solutions, Inc., et al.,[1]      :          Case No. 12-13346 (ALG)
                                               :
                            Debtors.           :          (Jointly Administered)
---------------------------------------------------------x

## DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY RULE 9019 APPROVING AND AUTHORIZING SETTLEMENT WITH STATE OF FORIDA AND VEN-A-CARE OF THE FLORIDA KEYS, INC.

TO:     THE HONORABLE ALLAN L. GROPPER,
        UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (the "**Motion**") seeking entry of an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), approving and authorizing the Debtors to enter into a settlement agreement with the State of Florida ("**Florida**") and Ven-a-Care of the Florida Keys, Inc. ("**Ven-a-Care**"), a copy of which is annexed hereto as Exhibit A (the "**Settlement Agreement**").  In support of the Motion, the Debtors respectfully represent:

---

[1]     The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) K-V Discovery Solutions, Inc. (7982); (ii) DrugTech Corporation (3690); (iii) FP1096, Inc. (3119); (iv) K-V Generic Pharmaceuticals, Inc. (7844); (v) K-V Pharmaceutical Company (8919); (vi) K-V Solutions USA, Inc. (4772); (vii) Ther-Rx Corporation (3624); and (viii) Zeratech Technologies USA, Inc. (6911).  The Debtors' executive headquarters are located at 16640 Chesterfield Grove Road, Suite 200, Chesterfield, MO 63005.

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The predicate for the relief sought herein is Bankruptcy Rule 9019.

## BACKGROUND

A.      **General Background**

2.      On August 4, 2012 (the "**Petition Date**"), K-V Discovery Solutions, Inc. and each of the other Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Since the Petition Date, the Debtors are continuing in the possession of their respective properties and the management of their respective businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only.  On August 13, 2012, an official committee of unsecured creditors (the "**Creditors Committee**") was appointed in these cases.  As of the date hereof, no trustee or examiner has been appointed in any of the Debtors' cases.

3.      The events leading up to the Petition Date are set forth in the Declaration of Thomas S. McHugh in Support of Chapter 11 Petitions and First Day Pleadings, which was filed with the Court on the Petition Date [Docket No. 2].

4.      A hearing to consider confirmation of the Debtors' proposed chapter 11 plan of reorganization is scheduled to commence on August 28, 2013.

B.      **Florida Action and Proofs of Claim**

5.      Prior to the Petition Date, Florida filed a petition (the "**Petition**") seeking certain relief against each of the Debtors and their dissolved subsidiary, ETHEX Corporation (collectively with the Debtors, the "**Defendants**"), in an action entitled *The State of Florida ex*

- 2 -

*rel. Ven-a-Care of the Florida Keys, Inc. v. Ethex Corporation and K-V Pharmaceutical*

*Company*, Civil Action No. 03-CA1165 (the "**Action**") in the Circuit Court of the Second

Judicial Circuit in and for Leon County, Florida (the "**Florida Court**").  The Action stems from

a suit filed under seal by Private Person Plaintiff/Relator Ven-a-Care.[2]

       6.      In the Petition and in connection with the Action, Florida alleged various

violations of law with respect to Medicaid drug reimbursement and price reporting (the "**Alleged**

**Claims**") and sought monetary damages and injunctive relief in connection with such alleged

violations.

       7.      On May 15, 2012, Florida filed a Motion for Dismissal Without Prejudice

("**Motion for Dismissal**"), in which Florida, Ven-a-Care and the Defendants, among other

things, agreed to toll the prescriptive period pertinent to certain defenses to the Alleged Claims in

the Action as well as equitable defenses for a period extending to June 1, 2014.  On May 16,

2012, the Florida Court granted Florida's Motion for Dismissal (the "**Order**").  The Action

remains tolled.

       8.      On January 30, 2013, Florida filed a proof of claim for $17,380,269.00

against K-V Pharmaceutical Company ("**KV**") (Claim No. 347) (the "**Florida POC**"), which

asserts claims against KV based on the alleged facts and circumstances underlying the Action.

C.      **The Settlement Agreement**

       9.      Subject to this Court's approval, the Debtors, Florida and Ven-a-Care seek

to enter into the Settlement Agreement.  Among other things, the Settlement Agreement would

resolve and settle all claims and disputes among the Debtors, Florida and Ven-a-Care, whether or

not asserted prior to the date of the Settlement Agreement, arising from or relating to the Action

---

[2]      Ven-a-Care is the relator in the Action, and claims asserted by Ven-a-Care in the Action are asserted on
Florida's behalf.

(the "**Resolved Matters**").  The principal provisions of the Settlement Agreement are as

follows:[3]

     (a)    <u>Florida POC</u>.  Upon the date of entry by the Bankruptcy Court of an order approving this Agreement (the "**Effective Date**"), in full satisfaction and discharge of all claims of Florida and/or Ven-a-Care arising from or related to the Resolved Matters, the Florida POC shall be deemed allowed as a general unsecured claim against KV in the fixed, liquidated amount of $1,500,000 (the "**Allowed Florida Claim**") and Florida shall be paid a pro rata distribution on account of the Allowed Florida Claim in accordance with any confirmed chapter 11 plan of KV.  <u>See</u> Settlement Agreement § 1.

     (b)    <u>Dismissal of Action</u>:  On and after the Effective Date, the Parties shall cooperate and take such actions (at each Party's own expense) as may be necessary to cause the Action to be dismissed with prejudice, including, without limitation, filing an agreed stipulation or order of dismissal or similar document with respect to the Action in the Florida Court, in form and substance reasonably acceptable to each Party.  <u>Id.</u> § 2.

     (c)    <u>Releases</u>:  The Settlement Agreement provides for mutual releases of claims relating to the Resolved Matters.  Such mutual releases are in favor of the Defendants, Florida and Ven-a-Care and related parties (including their respective present and former affiliates, officers, directors, shareholders, representatives, agents, employees, predecessors, successors and assigns).  The releases do not affect any of the Parties' rights and entitlements under the Settlement Agreement.  <u>Id.</u> §§ 3-5.

     (d)    <u>Apportionment</u>:  The Settlement Agreement includes an acknowledgement that Ven-a-Care and the United States are entitled to a portion of the Allowed Florida Claim (the "**Third Party Share**"), and provides that such allocation shall be handled separately by and among Florida, Ven-a-Care and the United States.  Florida shall be solely responsible for allocating any distributions received on account of the Allowed Florida Claim, including proper determination of the Third Party Share, and the Third Party Share shall be paid from the distributions received by Florida on account of the Allowed Florida Claim.  The Defendants are not party to any such obligation, agreement or allocation, and take no position on such obligation, agreement or allocation, and Florida and Ven-a-Care agree that Defendants shall have no liability in connection therewith.  <u>Id.</u> § 7.

---

[3]    This summary is qualified in its entirety by reference to the Settlement Agreement.  In the event of a conflict between this summary and the Settlement Agreement, the Settlement Agreement shall control.  Capitalized terms used in the summary, if not otherwise defined herein, have the meanings given them in the Settlement Agreement.

## RELIEF REQUESTED

10.     By the Motion, the Debtors seek entry of an order approving and

authorizing, pursuant to Bankruptcy Rule 9019, the Debtors' entry into the Settlement

Agreement.  In the exercise of their business judgment, the Debtors believe that entry into the

Settlement Agreement is both fair and reasonable and is in the best interests of their estates and

their creditors.

## BASIS FOR RELIEF

11.     Approval of the Settlement Agreement is governed by Bankruptcy Rule

9019.  Bankruptcy Rule 9019(a) provides:  "[A]fter notice and a hearing, the court may approve

a compromise or settlement."  Fed R. Bankr. P. 9019.  The legal standard for determining the

propriety of a bankruptcy settlement is whether the settlement is in the "best interests of the

estate."  In re Purofied Down Prods. Corp., 150 B.R. 519, 523 (S.D.N.Y. 1993) (citation

omitted); see also Plaza Equities, LLC v. Pauker (In re Copperfield Invs., LLC), 401 B.R. 87, 91

(Bankr. S.D.N.Y. 2009); In re Ionosphere Clubs, Inc., 156 B.R. 414, 426 (S.D.N.Y. 1993).

12.     Compromises are tools for expediting the administration of a case and

reducing administrative costs and are favored in bankruptcy.  See Protective Comm. of

Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968) ("In

administering reorganization proceedings in an economic and practical matter it will often be

wise to arrange the settlement of claims.").  In TMT Trailer Ferry, the Supreme Court noted that

approval of a settlement requires a finding that the settlement is "fair and equitable."  Id. at 424.

According to the Supreme Court, such a finding is to be based on:

> an educated estimate of the complexity, expense, and likely
> duration of . . . litigation, the possible difficulties of collecting on
> any judgment which might be obtained, and all other factors
> relevant to a full and fair assessment of the wisdom of the
> proposed compromise.

- 5 -

Id.; see also Purofied Down Prods., 150 B.R. at 523 (legal standard for determining the propriety

of a bankruptcy settlement is whether the settlement is in the "best interests of the estate");

Official Comm. of Unsecured Creditors of Int'l Distrib. Ctrs., Inc. v. James Talcott, Inc. (In re

Int'l Distrib. Ctrs., Inc.), 103 B.R. 420, 422 (S.D.N.Y. 1989) (a determination as to whether a

proposed compromise is fair and equitable requires the exercise of informed, independent

judgment by the court).

13.    Courts in the Second Circuit have developed a number of interrelated

factors relevant to approval of bankruptcy settlements, based on the original framework

announced in TMT Trailer Ferry, including: (a) the balance between the litigation's possibility

of success and the settlement's future benefits; (b) the likelihood of complex and protracted

litigation, with its attendant expense, inconvenience and delay, including the difficulty in

collecting on the judgment; (c) the paramount interests of the creditors, including each affected

class's relative benefits and the degree to which creditors either do not object to or affirmatively

support the proposed settlement; (d) whether other parties in interest support the settlement;

(e) the competency and experience of counsel supporting, and the experience and knowledge of

the bankruptcy court judge reviewing, the settlement; (f) the nature and breadth of releases to be

obtained by officers and directors; and (g) the extent to which the settlement is the product of

arm's-length bargaining (the "**9019 Factors**"). See Motorola, Inc. v. Official Comm. of

Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 462 (2d. Cir. 2007); see also

Guippone v. BH S&B Holdings, LLC, Case No. 09 Civ. 01029 (CM), 2011 U.S. Dist. LEXIS

126026, at *12-14 (S.D.N.Y. Oct. 28, 2011) (quoting In re WorldCom, Inc., 347 B.R. 123, 137

(Bankr. S.D.N.Y. 2006) (internal quotations omitted)).

14.     The settlement need not be the best that the debtor could have obtained.
See In re Penn Central Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979); accord Int'l Distrib.
Ctrs., 103 B.R. at 423 ("Indeed, a court may approve a settlement even if it believes that the
Trustee ultimately would be successful.") (citation omitted).  Rather, in determining whether to
approve a settlement, bankruptcy courts need only consider whether the proposed settlement falls
below the lowest point in the range of reasonableness.  See Resolution Trust Corp. v. Best Prods.
Co. (In re Best Prods. Co.), 68 F.3d 26 (2d Cir. 1995); In re W.T. Grant Co., 699 F.2d 599, 613
(2d Cir. 1983); Purofied Down Prods., 150 B.R. at 522.

15.     The decision regarding whether to approve or reject a compromise lies
within the sound discretion of the bankruptcy court.  See Purofied Down Prods., 150 B.R. at 523.
("A Bankruptcy Court's decision to approve a settlement should not be overturned unless its
decision is manifestly erroneous and a 'clear abuse of discretion.'") (citations omitted).  In ruling
on a compromise, however, a court should not substitute its own judgment for that of the debtor.
See In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (E.D. Pa. 1986).

16.     It is not necessary for the court to conduct a "mini trial" of the facts or the
merits underlying the dispute.  Purofied Down Prods., 150 B.R. at 522; Int'l Distrib. Ctrs., 103
B.R. at 423; Martin v. Kane (In re A & C Props.), 784 F.2d 1377, 1384 (9th Cir.), cert. denied,
Martin v. Robinson, 479 U.S. 854 (1986).  Rather, the court only need be apprised of those facts
that are necessary to enable it to evaluate the settlement and to make a considered and
independent judgment about the settlement.  See Purofied Down Prods., 150 B.R. at 523; In re
Energy Co-op., Inc., 886 F.2d 921, 924-25 (7th Cir. 1989).  In doing so, the court is permitted to
rely upon "opinions of the trustee, the parties, and their attorneys."  Int'l Distrib. Ctrs., 103 B.R.
at 423.

17.     The Debtors' entry into the Settlement Agreement is in the best interests of their estates and satisfies the applicable standards for approval of compromises under Bankruptcy Rule 9019, including the relevant 9019 Factors.  First, entry into the Settlement Agreement is in the best interests of the Debtors' creditors.  Although the Debtors dispute the allegations in the Action, Florida has filed a proof of claim in the amount of more than $17 million.  If Florida's asserted claims are valid (which the Debtors' dispute), such claims would substantially increase the aggregate amount of general unsecured claims against the estate and substantially dilute the overall claims pool.  Moreover, litigation of state Medicaid fraud claims is an expensive and prolonged process involving extensive discovery.  The Debtors' entry into the Settlement Agreement eliminates the uncertainty related to the foregoing, without the need for complex and protracted litigation.

18.     Second, the Allowed Florida Claim is well within the range of acceptable outcomes that the Debtors would anticipate if the various disputes between Florida and Ven-a-Care and the Debtors were litigated to conclusion.  The amount of the Allowed Florida Claim fairly reflects the risks and costs associated with the Debtors' pending and anticipated litigation with Florida and Ven-a-Care, and is consistent with the Debtors' estimate of the value of such claim prior to reaching the settlement with Florida reflected in the Settlement Agreement.

19.     Third, the releases contained in the Settlement Agreement are reasonable under the circumstances.  The scope of the releases is limited to those claims, controversies and disputes that are resolved by the Settlement Agreement.  In addition, the mutual releases fix the amount of the Florida POC and provide the Debtors with certainty that Florida and Ven-a-Care will not assert any further claims against the Debtors or their estates arising from or related to the Resolved Matters or these chapter 11 cases.  The Debtors believe that the settlement reflects a

fair compromise of the various disputes by and among the parties and ensures that the claims by
and amongst each other are extinguished.

20.     Fourth, the Settlement Agreement is the product of good faith, arm's-
length bargaining, and the Debtors expect support for the proposed settlement among their
creditors.  The Settlement Agreement is the product of months of negotiation and discussions
between the Debtors, Florida and Ven-a-Care, and constitutes a settlement of the pending
disputes between and among such parties.  The terms of the Settlement Agreement are fair and
reasonable, and reflect the parties' vigorous negotiation with respect to such disputes.

21.     The Debtors' entry into the Settlement Agreement will inure to the benefit
of their estates and creditors.  Given the uncertainty of litigation, and the costly process entailed
thereby, and balancing the factors described above, the Debtors have determined in their
business judgment that the Settlement Agreement represents a reasonable compromise, which
will allow them to forgo the delay and expense of prolonged litigation that often surrounds
Medicaid false claims suits.  After full consideration of the potential outcomes, the Debtors have
determined that the terms of the Settlement Agreement fall well above the lowest point in the
range of reasonableness, and should be approved.

## WAIVER OF BANKRUPTCY RULE 6004(h) STAY

22.     Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale,
or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless
the court orders otherwise."  To the extent such rule is applicable, the Debtors request that the
proposed order be effective immediately by providing that the 14-day stay under Bankruptcy
Rule 6004(h) be waived.  As discussed above, at this time, the Debtors do not anticipate that the
relief requested herein will be opposed by any of their creditors or other parties in interest.  In

addition, the Debtors believe that the terms of the Settlement Agreement are beneficial to their estates and creditors and therefore desire to consummate the Settlement Agreement as promptly as possible.  Accordingly, the Debtors believe that the requested waiver of the Bankruptcy Rule 6004(h) stay is appropriate under the circumstances.

## **NOTICE**

23.    Notice of this Motion will be given in accordance with this Court's *Order Granting Authority to Limit Notice, Establish Case Management Procedures and Omnibus Hearing Dates*, dated as of August 23, 2012 [Docket No. 84], and to counsel for (a) Florida, (b) Ven-a-Care, and (c) the agent and lenders under the Debtors' debtor-in-possession financing facility.  The Debtors submit that, under the circumstances, no other or further notice is required.

24.    No previous motion for the relief requested herein has been made to this or to any other court.

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that the Court enter an order,

substantially in the form annexed hereto as <u>Exhibit B</u>, approving the Debtors' entry into the

Settlement Agreement pursuant to Bankruptcy Rule 9019 and granting such further relief as may

be just or proper.

Dated:  New York, New York
        August 13, 2013

                                        WILLKIE FARR & GALLAGHER LLP
                                        *Counsel for the Debtors and Debtors in
                                        Possession*


                                        By:  /s/ Paul V. Shalhoub
                                                Matthew A. Feldman
                                                Paul V. Shalhoub
                                                Robin Spigel

                                        787 Seventh Avenue
                                        New York, New York 10019
                                        Telephone: (212) 728-8000
                                        Facsimile: (212) 728-8111

# EXHIBIT A

**Settlement Agreement**

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("**Agreement**") is entered into by and among:  (a) K-V Pharmaceutical Company ("**KV**"); and (b) the State of Florida ("**Florida**"); and (c) Ven-a-Care of the Florida Keys, Inc. ("**Ven-a-Care**" and, together with Florida and KV, the "**Parties**")).

## RECITALS

A.    On August 4, 2012, KV and certain of its affiliates (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), jointly administered under Case No. 12-13346 (ALG) (collectively, the "**Bankruptcy Cases**").

B.    Plaintiff/Relator Ven-a-Care filed suit under seal in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida (the "**Florida Court**") against KV and its dissolved subsidiary, ETHEX Corporation (collectively, the "**Defendants**"), in an action entitled *The State of Florida ex rel. Ven-a-Care of the Florida Keys, Inc. v. ETHEX Corporation and K-V Pharmaceutical Company,* Civil Action No. 03-CA1165 (the "**Action**").  Ven-a-Care remains the relator in the Action, and any Claims asserted by Ven-a-Care in the Action are asserted on Florida's behalf (collectively, "**Plaintiffs**").

C.    Upon information and belief, in the Action, Plaintiffs allege various violations of law with respect to Medicaid drug reimbursement and price reporting (the "**Alleged Claims**") and seek monetary damages and injunctive relief in connection with such alleged violations.

D.    On October 21, 2010, Florida through its Office of The Attorney General served Defendants with an Investigative Subpoena seeking certain documents in connection with the Alleged Claims.  Defendants timely produced documents in response to the Investigative Subpoena.

E.    On May 15, 2012, Plaintiffs filed a Motion for Dismissal Without Prejudice ("**Motion for Dismissal**"), in which the Parties, among other things, agreed to toll the prescriptive period pertinent to certain defenses to the Alleged Claims in the Action as well as equitable defenses for a period extending to June 1, 2014 (collectively, the "**Stipulations**"). On May 16, 2012, the Florida Court granted Plaintiffs' Motion for Dismissal ("**Order**") based upon the Parties agreed Stipulations.  The Action has remained tolled since the entry of such Order.

F.    On January 30, 2013, Florida filed a proof of claim for $17,380,269.00 against KV (Claim No. 347) (the "**Florida POC**"), which asserts claims against KV based on the alleged facts and circumstances underlying the Action.

G.    After good faith, arm's length negotiations, in order to avoid the time and expense related to liquidating the Florida POC and to resolve all open issues regarding the Action and related matters, and without the admission of any liability in respect of the matters set forth herein, the Parties desire to resolve the claims and disputes among each of them, whether or

not asserted prior to the date hereof, arising from or relating to the Action (collectively, the "**Resolved Matters**").

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing premises and of other good and valuable consideration, the receipt and sufficiency of which are hereby expressly acknowledged, the Parties, intending to be legally bound hereby, do hereby agree as follows:

1.     Florida POC.  Upon entry by the Bankruptcy Court of an order approving this Agreement (the "**Effective Date**"), in full satisfaction and discharge of all claims of Florida and/or Ven-a-Care arising from or related to the Resolved Matters, Claim No. 347 shall be deemed allowed as a general unsecured claim against KV in the fixed, liquidated amount of $1,500,000 (the "**Allowed Florida Claim**") and Florida shall be paid a pro rata distribution on account of the Allowed Florida Claim in accordance with any confirmed chapter 11 plan of KV.

2.     Dismissal of Action.  The Parties agree that, on and after the Effective Date, the Parties shall cooperate and take such actions (at each Party's own expense) as may be necessary to cause the Action to be dismissed with prejudice, including, without limitation, filing an agreed stipulation or order of dismissal or similar document with respect to the Action in the Florida State Court, in form and substance reasonably acceptable to each Party.

3.     Release by the Defendants.  On the Effective Date, each of the Defendants, on behalf of itself, and on behalf of its present and former affiliates, officers, directors, shareholders, representatives, agents, employees, predecessors, successors and assigns, releases and discharges Florida and Ven-a-Care (and, as applicable, each of their present and former affiliates, officers, directors, shareholders, representatives, agents, employees, predecessors, successors and assigns) from any and all claims, actions, demands or causes of action, of any nature and description whatsoever, whether based on state law, federal law, common law, legal or equitable in nature, known or unknown, suspected or unsuspected, disclosed or undisclosed, accrued or hereinafter accruing, absolute or contingent, which such Defendant ever had, now has, or may have from the beginning of time through the effective date of a confirmed plan for the Debtors, based on, arising from, or in connection with the Resolved Matters; provided, however, nothing contained herein shall be deemed to limit any of the Parties' rights and entitlements hereunder and/or release any of the Parties hereto respecting their obligations under this Agreement.

4.     Release by Florida.  On the Effective Date, Florida, on behalf of itself, and on behalf of its present and former officers, directors, representatives, agents, employees, predecessors, successors and assigns, releases and discharges each of the Defendants and each of their respective present and former affiliates, officers, directors, shareholders, representatives, agents, employees, predecessors, successors and assigns from any and all claims, actions, demands or causes of action, of any nature and description whatsoever, whether based on state law, federal law, common law, legal or equitable in nature, known or unknown, suspected or unsuspected, disclosed or undisclosed, accrued or hereinafter accruing, absolute or contingent, which Florida ever had, now has or may have from the beginning of time through the effective date of a confirmed plan for the Debtors based on, arising from, or in connection with the Resolved Matters; provided, however, nothing contained herein shall be deemed to limit any of the Parties'

rights and entitlements hereunder and/or release any of the Parties hereto respecting their obligations under this Agreement, including KV's obligation in respect of the Allowed Florida Claim.

5.      Release by Ven-a-Care.  On the Effective Date, Ven-a-Care, on behalf of itself, and on behalf of its present and former affiliates, officers, directors, shareholders, representatives, agents, employees, predecessors, successors and assigns, releases and discharges each of the Defendants and each of their respective present and former affiliates, officers, directors, shareholders, representatives, agents, employees, predecessors, successors and assigns from any and all claims, actions, demands or causes of action, of any nature and description whatsoever, whether based on state law, federal law, common law, legal or equitable in nature, known or unknown, suspected or unsuspected, disclosed or undisclosed, accrued or hereinafter accruing, absolute or contingent, which Ven-a-Care ever had, now has, or may have from the beginning of time through the effective date of a confirmed plan for the Debtors, based on, arising from, or in connection with the Resolved Matters; provided, however, nothing contained herein shall be deemed to limit any of the Parties' rights and entitlements hereunder and/or release any of the Parties hereto respecting their obligations under this Agreement.

6.      Apportionment.  The Parties acknowledge that Ven-a-Care and the United States are entitled to a portion of the Allowed Florida Claim (the "**Third Party Share**"), and that that allocation shall be handled separately by and among Florida, Ven-a-Care and the United States. It is expressly understood and agreed that Florida shall be solely responsible for allocating any distributions received on account of the Allowed Florida Claim, including proper determination of the Third Party Share, and that the Third Party Share shall be paid from the distributions received on account of the Allowed Florida Claim.  The Defendants are not party to any such obligation, agreement or allocation, and take no position on such obligation, agreement or allocation, and Florida and Ven-a-Care agree that Defendants shall have no liability in connection therewith.

7.      Motion to Approve.  Within five business days (5) business days following the execution and delivery of this Agreement by the parties hereto, KV shall file with the Bankruptcy Court in the Bankruptcy Cases a motion, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, seeking entry of an order approving this Agreement.

8.      Reasonable Cooperation.  The Parties agree to cooperate fully and execute any and all supplementary documents and to take all additional action which may be reasonably necessary or appropriate to give full force and effect to the terms and intent of this Agreement.

9.      No Admission of Liability.  To the extent this Agreement is not approved by the Bankruptcy Court, other than this paragraph, this Agreement shall not be binding on any of the Parties hereto, shall be null, void and of no effect and may not be introduced into evidence or otherwise used in any further proceeding.  Nothing contained herein is or shall be deemed an admission of any kind by any of the Parties hereto.

10.     Successors and Assigns.  This Agreement shall be binding upon and inure to the benefit of the Parties  and their respective successors and assigns.  Other than the United States, there are no third party beneficiaries of this Agreement.

9474324.4

11.    Entire Agreement.  This Agreement contains the entire agreement among the Parties as to the subject matter hereof and no amendment, modification or addendum to this Agreement shall be effective unless in writing dated subsequent to the date hereof and executed by the duly authorized officers of the respective Parties.

12.    Representation; Corporate Power and Authority.  Each Party hereby represents that it has had the assistance of counsel in connection with the review and execution of this Agreement, and that each Party (subject to approval of the Bankruptcy Court with respect to KV) has all requisite corporate power and authority, and has taken all corporate action necessary, to execute and deliver this Agreement and to consummate the transactions provided for herein.

13.    Costs.  Each Party shall bear its own costs, expenses and attorneys' fees in connection with this Agreement and the disputes settled by this Agreement.

14.    Governing Law.  This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts executed and performed in such state, without giving effect to conflicts of laws principles.

15.    Jurisdiction.  The Bankruptcy Court shall retain exclusive jurisdiction over all matters arising from or relating to this Agreement.

16.    No *Contra Proferentem*.  The Parties have participated jointly in the negotiation and drafting and editing of this Agreement.  In the event an ambiguity or question of intent or interpretation arises with respect to this Agreement, this Agreement shall be construed as if drafted jointly by all Parties, and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of authorship of any of the provisions of this Agreement.

17.    Headings.  The section headings of the various provisions of this Agreement are inserted for convenience of reference only and shall not be deemed to affect the meaning or construction of any of the provisions hereof.

18.    Counterparts.  This Agreement may be executed and delivered in any number of counterparts and by facsimile or other similar electronic means (such as an e-mail exchange of .pdf, .tif or similar files), each of which shall be deemed an original but all of which together will constitute one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the dates indicated herein below.

**STATE OF FLORIDA**

The State of Florida
Office of the Attorney
Medicaid Fraud Control Unit

By: _____          Dated: _____7/25/13_____
    CARLOS MUNIZ
    Deputy Attorney General & Chief Counsel

K-V Pharmaceutical Company, on behalf of itself and Ethex Corporation

By: _____
Name:
Title:

Date: _____

Ven-a-Care of the Florida Keys, Inc.

By: _____
Name: C. Jarrett Anderson
Title: Counsel

Date: ____8/12/13____

-5-

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the dates indicated herein below.

**STATE OF FLORIDA**

The State of Florida
Office of the Attorney
Medicaid Fraud Control Unit

By: _____        Dated: _7/25/13_

CARLOS MUNIZ
Deputy Attorney General & Chief Counsel

K-V Pharmaceutical Company, on behalf of itself
and Ethex Corporation

By: _____
Name: Thomas S. McHugh
Title: CFO

Date: _8/12/13_

Ven-a-Care of the Florida Keys, Inc.

By: _____
Name:
Title:

Date: _____

-5-

## **EXHIBIT B**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
In re                                              :        Chapter 11
                                                   :
K-V Discovery Solutions, Inc., et al.,[1]          :        Case No. 12-13346 (ALG)
                                                   :
                        Debtors.                   :        (Jointly Administered)
-----------------------------------------------------------x

## ORDER GRANTING DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY RULE 9019 APPROVING AND AUTHORIZING SETTLEMENT WITH STATE OF FLORIDA AND VEN-A-CARE OF THE FLORIDA KEYS, INC.

Upon the motion (the "**Motion**") of the debtors and debtors in possession in the above-captioned cases (the "**Debtors**") for an order approving and authorizing, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, the Debtors to enter into a settlement agreement with the State of Florida and Ven-a-Care of the Florida Keys, Inc.; and notice of the Motion having been given as described in the Motion; and no other or further notice being necessary or required; and no objections to the Motion having been filed; and it appearing to the Court, based upon the Motion, the record of the hearing held to consider the Motion, and the full record of these cases that the Motion should be granted; and after due deliberation, and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED that:

1.      The Motion is granted.

2.      Capitalized terms used but not defined herein have the meanings given in the Motion.

---

[1]     The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) K-V Discovery Solutions, Inc. (7982); (ii) DrugTech Corporation (3690); (iii) FP1096, Inc. (3119); (iv) K-V Generic Pharmaceuticals, Inc. (7844); (v) K-V Pharmaceutical Company (8919); (vi) K-V Solutions USA, Inc. (4772); (vii) Ther-Rx Corporation (3624); and (viii) Zeratech Technologies USA, Inc. (6911).  The Debtors' executive headquarters are located at 16640 Chesterfield Grove Road, Suite 200, Chesterfield, MO 63005.

3.      The Settlement Agreement is approved pursuant to Bankruptcy Rule 9019.

4.      The Debtors are authorized to take such further actions and execute and deliver such further documents as may be reasonably necessary to effectuate the Settlement Agreement.

5.      To the extent applicable, the 14-day stay of effectiveness of Bankruptcy Rule 6004(h) is waived, and this Order shall be immediately effective upon entry.

6.      This Court shall retain jurisdiction over all matters related to the Motion, the Settlement Agreement, and this Order.

Dated:  New York, New York
        _____ ___, 2013

_____
HONORABLE ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE