**Hearing Date: August 28, 2013 at 11:00 a.m. (Eastern time)**
**Objection Deadline: August 23, 2013 at 4:00 p.m. (Eastern time)**

Matthew A. Feldman
Paul V. Shalhoub
Robin Spigel
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
(212) 728-8000

*Counsel for the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| K-V Discovery Solutions, Inc., et al.,[1] | : | Case No. 12-13346 (ALG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------x

# NOTICE OF DEBTORS' MOTION FOR ORDER FURTHER EXTENDING EXCLUSIVE PERIODS TO FILE PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE

PLEASE TAKE NOTICE that a hearing (the "**Hearing**") will be held before the Honorable Allan L. Gropper of the United States Bankruptcy Court for the Southern District of New York, on August 28, 2013 at 11:00 a.m. (prevailing Eastern time), or as soon thereafter as counsel may be heard, in Courtroom 617, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, to consider the annexed motion (the "**Motion**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order, pursuant to section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), extending the Debtors' exclusive periods to file a

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) K-V Discovery Solutions, Inc. (7982); (ii) DrugTech Corporation (3690); (iii) FP1096, Inc. (3119); (iv) K-V Generic Pharmaceuticals, Inc. (7844); (v) K-V Pharmaceutical Company (8919); (vi) K-V Solutions USA, Inc. (4772); (vii) Ther-Rx Corporation (3624); and (viii) Zeratech Technologies USA, Inc. (6911). The Debtors' executive headquarters are located at 16640 Chesterfield Grove Road, Suite 200, Chesterfield, MO 63005.

plan of reorganization and to solicit acceptances thereof through and including October 16, 2013 and December 16, 2013, respectively

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must: (i) be made in writing; (ii) state with particularity the grounds therefor; (iii) be filed with the Bankruptcy Court (with a copy to the Judge's chambers); and (iv) be served upon: (a) counsel to the Debtors, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019 (Attn: Robin Spigel, Esq. and Andrew D. Sorkin, Esq.); (b) the U.S. Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Richard Morrissey, Esq. and Michael Driscoll, Esq.); (c) counsel to the Committee, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038 (Attn: Erez Gilad, Esq.), and (d) counsel to the lenders under the Debtors' debtor in possession financing facility, Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York 10153 (Attention: Lori R. Fife, Esq. and Robert Lemons, Esq.), so as to be received no later than **4:00 p.m. (prevailing Eastern time) on August 23, 2013** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no responses or objections are received by the Objection Deadline, the relief may be granted as requested in the Motion without further notice or a hearing.

PLEASE TAKE FURTHER NOTICE that you need not appear at the Hearing if you do not object to the relief requested in the Motion.

PLEASE TAKE FURTHER NOTICE that the Hearing may be continued or adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

Dated:   New York, New York
         August 14, 2013

                WILLKIE FARR & GALLAGHER LLP
*Counsel for Debtors and Debtors in Possession*

By: /s/ Paul V. Shalhoub
    Matthew A. Feldman
    Paul V. Shalhoub
    Robin Spigel

787 Seventh Avenue
New York, New York 10019
(212) 728-8000

Matthew A. Feldman
Paul V. Shalhoub
Robin Spigel
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
(212) 728-8000

*Counsel for the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                         :        Chapter 11
                                              :
K-V Discovery Solutions, Inc., et al.,[1]     :        Case No. 12-13346 (ALG)
                                              :
                    Debtors.                  :        (Jointly Administered)
------------------------------------------------------------x

**DEBTORS' MOTION FOR ORDER FURTHER EXTENDING EXCLUSIVE
PERIODS TO FILE PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES
THEREOF PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE**

TO:    THE HONORABLE ALLAN L. GROPPER,
       UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") hereby move (the "**Motion**") for entry of an order, pursuant to section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), extending the Debtors' exclusive periods to file a chapter 11 plan of reorganization and to solicit acceptances thereof through and including October 16, 2013 and December 16, 2013, respectively. In support of the Motion, the Debtors respectfully represent:

---

[1]    The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) K-V Discovery Solutions, Inc. (7982); (ii) DrugTech Corporation (3690); (iii) FP1096, Inc. (3119); (iv) K-V Generic Pharmaceuticals, Inc. (7844); (v) K-V Pharmaceutical Company (8919); (vi) K-V Solutions USA, Inc. (4772); (vii) Ther-Rx Corporation (3624); and (viii) Zeratech Technologies USA, Inc. (6911). The Debtors' executive headquarters are located at 16640 Chesterfield Grove Road, Suite 200, Chesterfield, MO 63005.

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The predicates for the relief sought herein are section 1121(d) of the Bankruptcy Code and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**BACKGROUND**

**A.   General Background**

2. On August 4, 2012 (the "**Petition Date**"), K-V Discovery Solutions, Inc. and each of the other Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are continuing in the possession of their respective properties and the management of their respective businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only.  On August 13, 2012, an official committee of unsecured creditors (the "**Committee**") was appointed in these cases.  As of the date hereof, no trustee or examiner has been appointed in any of the Debtors' cases.

3. The events leading up to the Petition Date are set forth in the Declaration of Thomas S. McHugh, in Support of Chapter 11 Petitions and First Day Pleadings, which was filed with the Court on the Petition Date [Docket No. 2].

**B.   Prior Extensions of Exclusive Periods**

4. By order dated November 16, 2012, this Court granted the Debtors an initial 60-day extension of the periods during which they have the exclusive right to file a chapter 11 plan (the "**Exclusive Filing Period**") and to obtain acceptances of such plan (the "**Exclusive Solicitation Period**" and, together with the Exclusive Filing Period, the "**Exclusive Periods**"),

through and including February 4, 2013 and April 5, 2013, respectively (the "**First Extension Order**") [Docket No. 381]. By order dated February 5, 2013, this Court granted the Debtors further extensions of the Exclusive Filing Period and Exclusive Solicitation Period, through and including June 17, 2013 and July 16, 2013, respectively (the "**Second Extension Order**") [Docket No. 587]. By order dated June 7, 2013, this Court granted the Debtors further extensions of the Exclusive Filing Period and Exclusive Solicitation Period, through and including August 16, 2013 and September 16, 2013, respectively (the "**Third Extension Order**") and together with the First Extension Order and Second Extension Order, the "**Extension Orders**") [Docket No. 930].

C.  **Plan and Disclosure Statement**

5. On June 21, 2013, the Debtors filed the *Sixth Amended Joint Chapter 11 Plan for K-V Discovery Solutions, Inc. and Its Affiliated Debtors* (as amended, modified and/or supplemented from time to time, the "**Plan**") [Docket No. 946] and the related *Disclosure Statement for Sixth Amended Joint Chapter 11 Plan for K-V Discovery Solutions, Inc. and Its Affiliated Debtors* (as amended, modified and/or supplemented, the "**Disclosure Statement**") [Docket No. 947]. The Plan and Disclosure Statement reflect the terms of a global settlement by and among the Debtors, certain holders of KV's 2.5% Contingent Convertible Subordinated Notes due 2033 (the "**Convertible Notes**") who have committed to provide certain equity financing in connection with the Plan (the "**Investors**"), an ad hoc consortium of certain other holders of Convertible Notes (the "**Convertible Noteholder Consortium**"), that certain ad hoc group of holders (the "**Ad Hoc Group**") of the Debtors' 12% Senior Secured Notes due March 15, 2015, and the Committee, which resolved a more than six week long process in which the Investors and Ad Hoc Group submitted multiple competing restructuring proposals for the Debtors that ultimately enhanced recoveries to creditors across the Debtors' capital structure.

- 3 -

6.  Amended versions of the Plan and Disclosure Statement were filed on July 10, 2013 [Docket Nos. 978 and 979, respectively] and July 19, 2013 [Docket Nos. 1002 and 1003, respectively]. On July 17, 2013, the Court entered an order approving, among other things, the Disclosure Statement and certain procedures relating to the solicitation and tabulation of votes on the Plan. A hearing on confirmation of the Plan (the "**Confirmation Hearing**") is currently scheduled for August 28, 2013.

## RELIEF REQUESTED

7.  By this Motion, the Debtors respectfully request, pursuant to section 1121(d) of the Bankruptcy Code, that the Debtors' Exclusive Filing Period and Exclusive Solicitation Period be further extended through and including October 16, 2013 and December 16, 2013, respectively.[2] The Debtors also request that the requested extension be without prejudice to the Debtors' rights to request further extensions of the Exclusive Periods or to seek other appropriate relief.

## BASIS FOR RELIEF

8.  The Exclusive Periods established by section 1121 of the Bankruptcy Code are intended to afford a debtor with an opportunity to formulate and propose a plan of reorganization and to solicit acceptances of such plan without the deterioration and disruption to the restructuring of its businesses that might be caused by the filing of competing plans by non-debtor parties. In circumstances where, as here, (a) the Debtors have conducted a value-maximizing Plan formulation and negotiation process that has significantly enhanced anticipated creditor recoveries vis-à-vis the original chapter 11 plan filed by the Debtors in January 2013 [Docket No. 515], (b) the Debtors have already obtained approval of the Disclosure Statement

---

[2] Pursuant to Rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York, the present Exclusive Filing Period will be automatically extended until the Court rules upon this Motion.

- 4 -

and are in the process of soliciting votes on the Plan, (c) notwithstanding that the Confirmation Hearing is less than three weeks away, the current Exclusive Filing Period is set to expire before the Debtors are able to confirm a chapter 11 plan, (d) if the Plan is not confirmed or fails to become effective, termination or expiration of the Exclusive Periods could result in a disruptive, costly, and value-destructive competing plan process, and (e) the Debtors have achieved meaningful progress in these cases since entry of the Third Extension Order, section 1121(d) of the Bankruptcy Code allows the Court to extend the Debtors' Exclusive Periods for "cause." Specifically, section 1121(d) of the Bankruptcy Code provides:

> (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.
>
> (2) (A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
>
> (B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d).

9. It is well established that the decision to extend the Exclusive Periods upon a finding of "cause" is left to the sound discretion of the bankruptcy court and should be based upon the facts and circumstances of a particular case. See In re Borders Group, Inc., 460 B.R. 818, 821 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity.") (citation omitted); In re Adelphia Commc'ns Corp., 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006) ("A decision to extend or terminate exclusivity for cause is within the discretion of the

bankruptcy court, and is fact-specific."). Although the Bankruptcy Code does not define "cause" for the purpose of an extension of the Exclusive Periods, courts have looked to the legislative history of section 1121(d) of the Bankruptcy Code for guidance. See In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989); In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996). Courts have found that Congress did not intend that the 120- and 180-day periods be a hard and fast rule. See Amko Plastics, 197 B.R. at 77 (noting that Congress intended courts to have flexibility in dealing with extensions of exclusivity). Rather, Congress intended that the Exclusive Periods be of an adequate length, given the circumstances, for a debtor to formulate, negotiate, draft and confirm a viable plan of reorganization, which by definition means one supported by some or all of a debtor's key constituents, without the disruption to its business that would occur with the filing of competing plans. See Geriatrics Nursing Home, Inc. v. First Fidelity Bank, N.A. (In re Geriatrics Nursing Home, Inc.), 187 B.R. 128, 133 (D.N.J. 1995) ("The opportunity to negotiate its plan unimpaired by competition . . . is meant to allow the debtor time to satisfy all creditors and win support for its restructuring scheme and thus ensure its survival as a business.").

    10. When determining whether cause exists for an extension of the Exclusive Periods, courts have relied on a variety of factors, each of which may provide sufficient grounds for granting such extension. Factors considered by the courts in making such a determination have included: (a) the size and complexity of the case; (b) the necessity of sufficient time to negotiate and prepare adequate information; (c) the existence of good-faith progress toward reorganization; (d) whether the debtor is paying its debts as they come due; (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (f) whether the debtor has made progress in negotiating with creditors; (g) the length of time the case has been pending;

(h) whether the debtor is seeking the extension to pressure creditors; and (i) whether unresolved contingencies exist.  See, e.g., Adelphia, 352 B.R. at 587; In re Borders Group, Inc., 460 B.R. at 822; In re 221-06 Merrick Blvd. Assocs. LLC, 2010 WL 5018265, at *4 (Bankr. E.D.N.Y. Dec. 3, 2010); Continental Casualty Co. v. Burns & Roe Enters., Inc. (In re Burns & Roe Enters., Inc.), 2005 U.S. Dist. LEXIS 26247, at *11-12 (D.N.J. 2005); In re Gibson & Cushman Dredging Corp., 101 B.R. at 409-10.  The application of these factors to the facts and circumstances of these cases demonstrates that the requested extensions are appropriate.

### (1)    Complexity of the Debtors' Cases

11.    The size and complexity of the Debtors' chapter 11 cases supports a further extension of the Exclusive Periods.  These cases have been marked by a number of major and complicated disputes.  The first few months of the cases were dominated not only by the Debtors' transition into chapter 11 and the stabilization of their operations, but also by the request by Hologic, Inc. ("**Hologic**") for relief from the automatic stay to foreclose on Makena®, the Debtors' most valuable pharmaceutical product and the cornerstone of their reorganization efforts.  When the Debtors sought to resolve that dispute by obtaining a debtor-in-possession financing facility (the "**DIP Facility**") to help fund, among other things, a settlement payment to Hologic, the Debtors' entry into the DIP Facility (which contemplated the proposal of a chapter 11 plan supported by the lenders thereunder) was hotly contested by the Committee and certain of the Investors.  Ultimately, that dispute was resolved following extensive discovery and briefing.

12.    Thereafter, the Debtors' plan process was highly contentious, and required the Debtors to facilitate the submission of, consider, and determine whether to pursue various iterations of the competing restructuring proposals made by the Ad Hoc Group and the Investors, against the backdrop of potential defaults under the DIP Facility caused by the competitive plan

- 7 -

process. This plan process ultimately culminated with the global settlement and the proposal of the Plan. The Plan maximizes the Debtors' value and, in turn, creditor recoveries.

13. Although the Debtors have resolved many important disputes in these cases, until the Plan is confirmed and becomes effective, the Debtors believe it is in their and their estates' best interest to seek a modest extension of their Exclusive Periods to ensure that they have an opportunity to confirm and consummate the Plan before the Exclusive Periods expire.

**(2)    Good Faith Progress In These Cases**

14. The Debtors have made material progress in these chapter 11 cases. Since entry of the Third Extension Order, the Debtors have: (a) facilitated the global settlement among the Investors, the Committee, the Ad Hoc Convertible Noteholder Consortium and the Ad Hoc Group, paving the way for an anticipated largely consensual plan confirmation process; (b) proposed the Plan, which reflects such global settlement; (c) received approval of the Disclosure Statement; (d) commenced the solicitation of votes on the Plan; and (e) commenced the rights offering contemplated by the Plan. As a result of these efforts, the Debtors are now poised for confirmation of the Plan in the near term.

15. The Debtors also have made significant headway in the claims reconciliation process since the entry of the Third Extension Order. The Debtors have continued to work with claimants with respect to whom the Debtors' omnibus claims objections [Docket Nos. 658, 717, 718, and 719] are still pending in an effort to resolve such claimants' responses to those omnibus objections consensually. Separately, the Debtors filed and argued before the Court a motion [Docket No. 968] to cap the claim asserted by Marc S. Hermelin, the Debtors' former Chief Executive Officer, director and significant shareholder, in the Debtors' cases (the "**Hermelin Cap Motion**"), which was asserted in the amount of at least $82.9 million. On

August 13, 2013, Mr. Hermelin voluntarily withdrew his claim [Docket No. 1041], thereby obviating the need for a decision in respect of the Hermelin Cap Motion.

16. Furthermore, in recent months, the Debtors reached settlements with certain parties in interest that have resulted in the recovery of estate assets and/or resolved key claims against their estates. In July 2013, the Debtors resolved certain disputed issues with Gedeon Richter Plc. and Gedeon Richter USA (collectively, "**Gedeon Richter**") [See Docket No. 1009] which, if approved, will result in the Debtors' recovery of $2.3 million in cash, and will effect amendments to certain of the Debtors' agreements with Gedeon Richter. In addition, the Debtors have reached a settlement in principle with the State of Florida ("**Florida**") that would resolve certain alleged prepetition Medicaid pricing related issues, and Florida's related proof of claim. The Debtors' settlement with Florida would fix a potentially large, unliquidated, general unsecured claim at a reasonable amount, thereby providing more certainty as to the estimated projected aggregate amount of allowable general unsecured claims against the Debtors' estates and, in turn, general unsecured creditor recoveries.

17. Based on the foregoing, the Debtors respectfully submit that the progress they have made in their chapter 11 cases to date, and in particular since entry of the Third Extension Order, provides ample support for the relief requested herein.

### (3) The Debtors Do Not Seek Extension of the Exclusive Periods to Pressure Creditors or For Any Other Improper Reasons

18. The Debtors do not seek an extension of the Exclusive Periods as a means to exert pressure on the relevant parties in interest. To the contrary, the purpose of the Debtors' request for a fourth extension of the Exclusive Periods is to ensure that their efforts to implement the Plan are not sidetracked by a costly, and potentially confusing competing plan process that would provide no benefit to the Debtors or their stakeholders. The Debtors have proven

themselves to be responsible custodians of the plan formulation and negotiation process. An extension of the Exclusive Periods is not a tactical device to pressure one group or the other, but rather to ensure an orderly process as the Debtors proceed toward confirmation and emergence.

**(4)     The Debtors are Paying Their Debts as They Come Due**

19.     The Debtors continue to pay timely their undisputed postpetition obligations. As such, the requested extension of the Exclusive Periods will afford the Debtors a meaningful opportunity to pursue solicitation and confirmation of a plan without prejudice to parties in interest in these cases.

**(5)     The Debtors Have Reasonable Prospects for Filing a Viable Plan**

20.     The Debtors already have filed the Plan and have obtained Court approval of the Disclosure Statement. Indeed, voting on the Plan will conclude prior to the hearing on this Motion, and the Debtors expect the Plan will receive broad-based support among the creditors entitled to vote thereon. The Debtors believe that the Plan is both viable and confirmable.

**(6)     The Debtors Have Made Significant
        Progress in Negotiations with Their Creditors**

21.     As detailed above, the Plan represents the culmination of months of good faith, arms' length negotiations among the Debtors, the Ad Hoc Group and the Investors. The Debtors worked extensively with the Committee and various individual parties to resolve all objections to approval of the Disclosure Statement. The Debtors intend to continue to work to implement the global settlement and to continue to garner broad-based support for the Plan.

**(7)     The Debtors' Cases Have Been
        Pending for Approximately One Year**

22.     The Debtors commenced these cases on August 4, 2012, approximately one year ago. By this Motion, the Debtors are requesting only a short extension of the Exclusive Periods for the reasons set forth herein. If the Exclusive Periods are extended as requested

herein, the Exclusive Filing Period and Exclusive Solicitation Period will be scheduled to expire approximately fourteen and fifteen months from the Petition Date, respectively, well before the outside limits on extensions of such periods under the Bankruptcy Code.  See 11 U.S.C. § 1121(d)(2) (providing that debtor's exclusive filing and solicitation periods may not be extended beyond eighteen and twenty months, respectively, after the date of commencement of debtor's case).

### (8)     Termination of the Debtors' Exclusive Periods Could Adversely Impact These Cases

23.     Termination of the Debtors' Exclusive Periods could adversely impact the Debtors' business operations and the progress of these cases.  The Debtors are in the process of soliciting acceptances of the Plan.  The Confirmation Hearing is currently scheduled for August 28, 2013.  If the Debtors are not granted an extension of the Exclusive Periods and the Confirmation Hearing or consummation of the Plan is delayed, the Debtors could lose the protections of section 1121 of the Bankruptcy Code before the Debtors have a meaningful opportunity to resolve any issues underlying such delay.  Neither the Debtors nor their creditors can afford to enter into the litigious environment that is attendant to the proposal of competing plans of reorganization.  Such an environment would not only be counterproductive, but would also significantly delay these cases to the detriment of the Debtors' estates, creditors and other parties in interest, and would undermine the Debtors' substantial (and successful) efforts to formulate a consensual chapter 11 plan.  Conversely, an extension of the Exclusive Periods now, while the Debtors continue to progress towards confirmation, will enable the Debtors to continue with their reorganization efforts, and achieve confirmation and consummation of the Plan without further delay or expense.

24. Relief similar to the relief requested herein has been granted in this District. See, e.g., <u>In re Old HB, Inc. (f/k/a Hostess Brands, Inc.)</u>, Case No. 12-22052 (RDD) (Bankr. S.D.N.Y. March 20, 2013) (granting fourth extension of exclusive filing and solicitation periods, by 127 days); <u>In re The Great Atlantic & Pacific Tea Company, Inc.</u>, Case No. 10-24549 (RDD) (Bankr. S.D.N.Y. Jan. 27, 2012) (granting third extension of exclusive filing and solicitation periods, by 150 days); <u>In re Terrestar Networks, Inc.</u>, Case No. 10-15446 (SHL) (Bankr. S.D.N.Y. Nov. 16, 2011) (granting fourth extension of exclusive filing and solicitation periods, by 60 days); <u>In re St. Vincents Catholic Med. Ctrs. Of New York</u>, Case No. 10-11963 (CGM) (Bankr. S.D.N.Y. Sept. 22, 2011) (granting fourth extension of exclusive filing and solicitation periods, by approximately 65 days); <u>In re Stone Barn Manhattan LLC</u>, Case No. 08-12579 (ALG) (Bankr. S.D.N.Y. Oct. 27, 2009) (granting fourth extension of exclusive filing and solicitation periods, by 63 days).

25. The facts and circumstances of these cases and the express terms of section 1121(d) of the Bankruptcy Code amply support a finding of "cause" and, accordingly, granting the Debtors' request for an extension of the Exclusive Filing Period and Exclusive Solicitation Period in these cases through and including October 16, 2013 and December 16, 2013, respectively.

## **NOTICE**

26. Notice of this Motion will be given in accordance with this Court's *Order Granting Authority to Limit Notice, Establish Case Management Procedures and Omnibus Hearing Dates*, dated as of August 23, 2012 [Docket No. 84], and to counsel to (a) the agent and lenders under the DIP Facility and (b) each of the Investors. The Debtors submit that, under the circumstances, no other or further notice is required.

27. As noted above, by the Extension Orders, the Court granted prior extensions of the Debtors' Exclusive Periods. This Motion is for a further extension of the Exclusive Periods. No other prior motion for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form annexed hereto as Exhibit A, granting the relief requested herein, and such other and further relief as may be just or proper.

Dated: New York, New York
August 14, 2013

WILLKIE FARR & GALLAGHER LLP
*Counsel for the Debtors and Debtors in Possession*

By: /s/ Paul V. Shalhoub
Matthew A. Feldman
Paul V. Shalhoub
Robin Spigel

787 Seventh Avenue
New York, New York  10019
(212) 728-8000

# EXHIBIT A

**Proposed Order**

12-13346-alg    Doc 1046    Filed 08/14/13    Entered 08/14/13 17:43:45    Main Document
Pg 18 of 20

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re                                              :        Chapter 11
                                                   :
K-V Discovery Solutions, Inc., et al.,[1]          :        Case No. 12-13346 (ALG)
                                                   :
          Debtors.                                 :        (Jointly Administered)
------------------------------------------------------x

**ORDER FURTHER EXTENDING DEBTORS' EXCLUSIVE PERIODS TO
FILE PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES
THEREOF PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE**

Upon the motion (the "**Motion**") of the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") for entry of an order, pursuant to section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), extending the Debtors' exclusive periods to file a plan of reorganization and to solicit acceptances thereof through and including October 16, 2013 and December 16, 2013, respectively; and notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED, AND DECREED that:

1.     The Motion is granted.

2.     Capitalized terms used but not defined herein have the meanings given to them in the Motion.

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) K-V Discovery Solutions, Inc. (7982); (ii) DrugTech Corporation (3690); (iii) FP1096, Inc. (3119); (iv) K-V Generic Pharmaceuticals, Inc. (7844); (v) K-V Pharmaceutical Company (8919); (vi) K-V Solutions USA, Inc. (4772); (vii) Ther-Rx Corporation (3624); and (viii) Zeratech Technologies USA, Inc. (6911). The Debtors' executive headquarters are located at 16640 Chesterfield Grove Road, Suite 200, Chesterfield, MO 63005.

    3.    The Debtors' Exclusive Filing Period shall be extended through and including October 16, 2013.

    4.    The Debtors' Exclusive Solicitation Period shall be extended through and including December 16, 2013.

    5.    The entry of this Order shall be without prejudice to the rights of the Debtors to request further extensions of the Exclusive Periods or to seek other appropriate relief.

    6.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: New York, New York
       August ___, 2013

                                                        _____
                                                        THE HONORABLE ALLAN L. GROPPER
                                                        UNITED STATES BANKRUPTCY JUDGE